**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

AXEL ORTEGA,

Plaintiff,

v.

Case No. 1:26-cv-00331-MIS-LF

UNITED STATES OF AMERICA,

Defendant.

**ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)**

THIS MATTER is before the Court on Defendant United States of America's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("Motion"), ECF No. 15, filed August 10, 2026. Plaintiff Alex Ortega did not respond. Upon review of the Motion, the record, and the relevant law, the Court will **GRANT** the Motion.

## I. Background

On February 8, 2024, an employee of the United States Postal Service ("USPS") driving their USPS truck in Santa Fe, New Mexico, collided with Plaintiff's vehicle ("the Accident"). Compl. ¶¶ 10-12.

On February 8, 2026, Plaintiff's counsel mailed a Standard Form 95 Claim for Damage, Injury or Death ("SF95") to USPS's Tort Program and Adjudication for the Arizona-New Mexico District regarding the Accident that occurred on February 8, 2024. Decl. of Kimberly A. Herbst ("Herbst. Decl.") ¶ 3, ECF No. 15-1; USPS Tracking Info., ECF No. 15-2 at 3; see also SF95, ECF No. 15-2 at 4-5.

On February 9, 2026, Plaintiff filed a Complaint for damages under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. ECF No. 1.

On February 10, 2026, the Tort Claims Specialist at USPS's Tort Program and Adjudication received the SF95. Decl. of Kimberly A. Herbst ("Herbst. Decl.") ¶ 4, ECF No. 15-1; USPS Tracking Info., ECF No. 15-2 at 2; see also Envelope for SF95, ECF No. 15-2 at 1 (date stamped Feb. 10, 2026).

On May 4, 2026, USPS sent a letter to Plaintiff's counsel denying the claims within the SF95 because the SF95 was received after the two-year limitations period. Letter from Alexander K., Accounting & Control Specialist, to Antonio Maestas, Candelaria Law, LLC (May 4, 2026), ECF No. 15-3.

On August 10, 2026, the Government filed the instant Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1). ECF No. 1. Plaintiff failed to respond.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." Henry v. Off. of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994). "Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'" Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting Penteco Corp. v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991)). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Id. (quoting Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). See also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002). A facial attack "questions the sufficiency of the complaint," and when "reviewing a facial attack . . . a district court must accept the allegations in the complaint as true." Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995) abrogated on other grounds by Cent. Green Co. v. United States, 531 U.S. 425, 437 (2001). "In reviewing a factual attack," as here, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends, which does not allow a reviewing court to presume the truthfulness of the complaint's factual allegations." Pueblo of Jemez v. United States, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015) (internal quotation marks and citation omitted). "Instead, it gives the court wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." Id. (internal quotation marks and citation omitted).

## III. Discussion

The Government argues that the Court lacks subject matter jurisdiction over this suit because Plaintiff failed to present his administrative claim to USPS within the two-year limitations period established by the FTCA. Mot. at 3-6. The Court agrees.

Under the doctrine of sovereign immunity, courts lack subject matter jurisdiction over actions against the United States absent a Congressional waiver. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). In the FTCA, Congress waived the United States' sovereign immunity for certain claims, including those "caused by the negligent or wrongful act or omission of any employee of

the Government while acting within the scope of his office or employment," so long as a plaintiff alleges six prerequisite statutory elements.[1] 28 U.S.C. § 1346(b)(1).

Congress limited the FTCA's waiver of sovereign immunity by requiring FTCA claimants to exhaust their administrative remedies before commencing a lawsuit against the United States. 28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106, 113 (1993). The FTCA's exhaustion requirement exists to allow agencies to conduct an investigation and provide them the opportunity to "settle disputes before defending litigation in court." Lopez v. United States, 823 F.3d 970, 976 (10th Cir. 2016) (quoting Smoke Shop, LLC v. United States, 761 F.3d 779, 786 (7th Cir. 2014)).

To satisfy the exhaustion requirement, (1) a claimant must present an administrative claim to the appropriate federal agency ("presentment"),[2] and (2) the agency must actually or

---

[1] To be actionable under § 1346(b), a claim must be:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Brownback v. King, 592 U.S. 209, 212 (2021) (alteration in original) (quoting Meyer, 510 U.S. at 477). "The FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court. Thus, the extent of the government's liability under the FTCA is determined by state law." Clark v. United States, 234 F. Supp. 3d 1127, 1135 (D.N.M. 2014) (internal quotation marks and citations omitted), aff'd, 695 F. App'x 378 (10th Cir. 2017); see also Burge v. United States, Civ. No. 10–0069 MV/WDS, 2012 WL 1450062, at *3 (D.N.M. Mar. 27, 2012). "The FTCA's limited grant of subject matter jurisdiction hinges on whether a private person could be subject to state law liability under similar factual circumstances as those alleged against government actors." Hammonds v. United States, Civ. No. 16-1230 GBW/KRS, 2018 WL 1399183, at *3 (D.N.M. Mar. 19, 2018) (citing Clark, 234 F. Supp. 3d at 1135).

[2] In this Order, the Court refers variously to three interrelated requirements under the FTCA: exhaustion, presentment, and notice. As used in this Order, "exhaustion" refers to 28 U.S.C. § 2675(a)'s overarching requirement that before filing a lawsuit under the FTCA, (1) a claimant must first "present[] the claim to the appropriate Federal agency" and (2) "his claim shall have been finally denied by the agency . . . ." "Presentment" refers to the first element of exhaustion—i.e., the claimant's obligation to present an administrative claim to the appropriate federal agency. 28 U.S.C. § 2675(a). "Notice" refers to whether the claim presented to the appropriate federal agency sufficiently describes the facts and circumstances giving rise to the claimant's injury to enable the agency to "investigate the possibility of particular (potentially tortious) conduct." Est. of Trentadue ex rel. Aguilar v. United States, 397 F.3d. 840, 852 (10th Cir. 2005) (internal quotations and citations omitted).

constructively deny the claim. 28 U.S.C. § 2675(a); Barnes v. United States, 776 F.3d 1134, 1139 (10th Cir. 2015); Lopez, 823 F.3d at 976. An administrative claim is

> deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]

28 C.F.R § 14.2(a).[3] Importantly, an FTCA claim is "barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

"The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim[.]" 28 U.S.C. § 2675(a); see also Barnes, 776 F.3d at 1139 ("[T]o meet the threshold requirement of administrative exhaustion, plaintiffs must either (1) have their administrative claims finally denied by the relevant federal agency; or (2) if the agency fails to act on their administrative claims within six months of presentment, they may thereafter deem the claims (constructively) denied.").

[3] An administrative claim must include: "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Est. of Trentadue ex rel. Aguilar v. United States, 397 F.3d. 840, 852 (10th Cir. 2005) (internal quotation marks and citations omitted). The written statement of the claimant's injury is sufficient when it "serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct." Id. (quoting Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 40 (1st Cir. 2000)). The statement "should give notice of the underlying facts and circumstances 'rather than the exact grounds'" of the FTCA action. Staggs v. United States ex rel. Dept. of Health and Hum. Servs., 425 F.3d 881, 884 (10th Cir. 2005) (quoting Trentadue, 397 F.3d at 853). For the purposes of exhaustion, the administrative claim asserted "encompasses any cause of action fairly implicit in the facts." Lopez, 823 F.3d at 976 (quotation marks and citation omitted). "[C]ourts should liberally construe the universe of facts that the" administrative claim provides, but should not "augment those facts to conform to the claimant's subsequent civil complaint." Benally v. United States, 735 F. App'x 480, 485 (10th Cir. 2018).

The exhaustion requirement is "jurisdictional and cannot be waived." Bradley v. United States ex rel. Veterans Admin., 951 F.2d 268, 270 (10th Cir. 1991) (citation omitted). "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed." Id. (citation omitted). However, the notice requirement "should not be interpreted inflexibly." Trentadue, 397 F.3d at 853.

The Cout finds that Plaintiff failed to properly exhaust his administrative remedies for two reasons. First, Plaintiff failed to properly present his claim to USPS before filing this lawsuit. An administrative claim is

> deemed to have been presented when a Federal agency receives . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]

28 C.F.R. § 14.2(a) (emphasis added); see also Pena v. Vasquez, Case No. 2:24-cv-00960-MIS-GBW, 2025 WL 2806812, at *7 (D.N.M. Oct. 2, 2025) ("Strictly construing the FTCA's waiver of sovereign immunity, as the Court must, the Court finds that the presentment requirement is not satisfied until the agency receives notice of the claim, not when it is mailed or emailed to the agency." (citing Bailey v. United States, 642 F.2d 344, 346-47 (9th Cir. 1981); Moya, 35 F.3d at 504; Anderberg v. United States, 718 F.2d 976, 977 (10th Cir. 1983); Cooke v. United States, 918 F.3d 77, 78 (2d Cir. 2019) ("[T]he mailbox rule does not apply to FTCA claims.")). The agency must receive the claim within two years of the claim accruing. 28 U.S.C. § 2401(b).

Here, the claim accrued the date the Accident occurred: February 8, 2024. See Compl. ¶¶ 10-12. USPS received Plaintiff's SF95 claim notice on February 10, 2026—more than two years

after the claim accrued.[4] Decl. of Kimberly A. Herbst ("Herbst. Decl.") ¶ 4, ECF No. 15-1; USPS Tracking Info., ECF No. 15-2 at 2; see also Envelope for SF95, ECF No. 15-2 at 1 (date stamped Feb. 10, 2026). Consequently, Plaintiff failed to properly present his claim to USPS.

Second, USPS did not deny Plaintiff's administrative claim before he filed this lawsuit. "[T]o meet the threshold requirement of administrative exhaustion, plaintiffs must either (1) have their administrative claims finally denied by the relevant federal agency; or (2) if the agency fails to act on their administrative claims within six months of presentment, they may thereafter deem the claims (constructively) denied." Barnes, 776 F.3d at 1139.

Here, Plaintiff presented his SF95 to USPS on February 10, 2026, Decl. of Kimberly A. Herbst ("Herbst. Decl.") ¶ 4, ECF No. 15-1; USPS Tracking Info., ECF No. 15-2 at 2; see also Envelope for SF95, ECF No. 15-2 at 1 (date stamped Feb. 10, 2026); Plaintiff filed this lawsuit February 9, 2026 (the day before he presented his claim to USPS), see Compl., ECF No. 1; and USPS ultimately denied his administrative claim on May 4, 2026—almost three months after Plaintiff filed this lawsuit. See Letter from Alexander K., Accounting & Control Specialist, to Antonio Maestas, Candelaria Law, LLC (May 4, 2026), ECF No. 15-3. Because USPS did not actually or constructively deny the administrative claim before Plaintiff filed this lawsuit, Plaintiff failed to properly exhaust his administrative remedies.

Because Plaintiff failed to properly exhaust his administrative remedies, the Court lacks jurisdiction over this action, and dismissal without prejudice is required. See Mecca v. United

[4] Although the FTCA's statute of limitations may also be satisfied if the lawsuit "is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented[,]" 28 U.S.C. § 2401(b) (emphasis added), Plaintiff filed this lawsuit on February 9, 2026, see Compl., ECF No. 1—almost three months before USPS denied his claim, see Letter from Alexander K., Accounting & Control Specialist, to Antonio Maestas, Candelaria Law, LLC (May 4, 2026), ECF No. 15-3.

States, 389 F. App'x 775, 780-81 (10th Cir. 2010) (holding that dismissal of FTCA claims for lack of jurisdiction should be without prejudice).

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. Defendant United States of America's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), ECF No. 15, is **GRANTED**;
2. Plaintiff's Complaint for Damages, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**;
3. All other pending motions are **DENIED AS MOOT**; and
4. This case is now **CLOSED**.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE